No. 359

HAWKINS, Admr. v. SALADIN

Ohio Appeals, 6th Dist., Huron Co.
No. 224. Decided April 28, 1927

**480. EVIDENCE—Alleged copy of original statement made by defendant is secondary evidence, and is not admissible unless the foundation has been laid for its admission.**

First Publication of this Opinion

WILLIAMS, J.

Sarah Hawkins, the decedent, was riding in a horse drawn spring wagon in the City of Norwalk when said wagon came into collision with the automobile driven by William Saladin. The occupants of the wagon were precipitated to the pavement and decedent sustained injuries from which she died.

Edward Hawkins, as administrator brought an action in the Huron Common Pleas against Saladin and the jury returned a verdict for defendant, upon which judgment was entered. Error proceedings were instituted and the Court of Appeals held:

1. A reading of the charge discloses no error prejudicial to Hawkins and the verdict is not manifestly against the weight of the evidence.

2. While defendant was on the witness s and under cross-examination plaintiff's counselsel interrogated him as to a written statement which defendant admitted having made to the insurance company shortly after the accident. Upon request by plaintiff's counsel, defendant's counsel produced what purported to be a copy of the statement; but defendant refused to admit that it was an exact copy.

3. If the original statement had been offered in evidence it would have been admissible. 104 OS. 500.

4. Even though evidence had been offered tending to show that the purported copy was a true statement of the original, it would not have been admissible because no foundation had been laid for the admission of secondary evidence, and the original statement itself was the best evidence. Therefore the court did not err in excluding the alleged copy.

Judgment affirmed.

(Richards & Lloyd, JJ., concur.)

Attorneys—Young & Young for Hawkins; G. Ray Craig for Saladin; all of Norwalk.